*This opinion is nonprecedential except as provided by
Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A25-0640**

State of Minnesota,
Respondent,

vs.

Urdain Augustin,
Appellant.

**Filed January 20, 2026
Reversed and remanded
Schmidt, Judge**

Polk County District Court
File No. 60-CR-23-297

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Greg Widseth, Polk County Attorney, Tanner D. Hermanson, Assistant County Attorney, Crookston, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Evan Ottaviani, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Schmidt, Presiding Judge; Bratvold, Judge; and Bentley, Judge.

**NONPRECEDENTIAL OPINION**

**SCHMIDT**, Judge

        Appellant Urdain Augustin argues his guilty plea was inaccurate because he negated an essential element of the offense during his plea colloquy.  We reverse and remand.

## FACTS

Respondent State of Minnesota charged appellant with carrying a pistol without a permit (count I), misdemeanor domestic assault (count II), and possession of marijuana in a motor vehicle (count III). The complaint alleged that law enforcement was dispatched to a reported domestic assault in progress in a vehicle on the highway. During the investigation, police found a gun in the center console of the car. The complaint also alleged that Augustin did not have a permit to carry the firearm in public.

Augustin entered a guilty plea as to count I, and the state dismissed the other two counts. At the plea hearing, Augustin acknowledged that he read the complaint and that the facts in the statement of probable cause were true and accurate.

Augustin maintained that he did not know the gun was in the car. The state claimed, incorrectly, that the offense did not require Augustin to know he was carrying the firearm. After a brief recess, Augustin stated that he did not realize the gun was in the car, but he did admit that officers found the gun within "arm's reach." The district court noted that the factual basis was adequate, but deferred accepting the plea until sentencing.

After the plea hearing, Augustin's attorney filed a motion to withdraw as counsel. Six days later, Augustin filed a pro se letter with the district court seeking to discharge his attorney and to withdraw his guilty plea. In the letter, Augustin also stated:

> I am legally allowed to own a firearm. I took all precautions to make sure the firearm was not easily accessible as far as a 3 step rule. It was in a closed compartment, the firearm was in a holster, and the trigger was not at a recoil or pulled back.

2

The district court granted the attorney's motion to withdraw. After hiring a new attorney, Augustin moved to withdraw his plea. The court denied Augustin's motion, reasoning that the plea was accurate given the hearing record, the facts in the complaint's statement of probable cause that Augustin acknowledged were true, and the letter that Augustin filed with the court. The district court accepted the plea and sentenced Augustin to a stay of imposition and two years of supervised probation with several conditions.

Augustin appeals.

**DECISION**

Augustin argues that he must be allowed to withdraw his plea to correct a manifest injustice because his plea colloquy negated an essential element of the offense. We agree.

"A defendant has no absolute right to withdraw a guilty plea after entering it." *State v. Raleigh*, 778 N.W.2d 90, 93 (Minn. 2010). But a district court must allow withdrawal of a guilty plea "to correct a manifest injustice." *Id.* (citing Minn. R. Crim. P. 15.05, subd. 1). A manifest injustice occurs when a guilty plea is constitutionally invalid, which occurs if a plea is inaccurate, involuntary, or unintelligent. *Id.* at 94. The validity of a guilty plea is a legal question that we review de novo. *Id.*

"The accuracy requirement protects a defendant from pleading guilty to a more serious offense than that for which he could be convicted if he insisted on his right to trial." *Id.* An accurate plea is established on a proper factual basis. *Id.* A proper factual basis is established when the record shows there is "credible evidence" that "would support a jury verdict that defendant is guilty of at least as great a crime as that to which [they pleaded] guilty." *Lussier v. State*, 821 N.W.2d 581, 589 (Minn. 2012) (quotation omitted).

3

Augustin pleaded guilty to gross-misdemeanor carrying a pistol without a permit. A person is guilty of this offense if they knowingly possess a pistol in a motor vehicle without a permit. Minn. Stat. § 624.714, subd. 1a (2022).

Augustin argues that his plea was not accurate because the plea colloquy failed to prove that he knowingly possessed the gun. During the colloquy, Augustin admitted that (1) the facts in the complaint's statement of probable cause were true facts; (2) he was driving the car; (3) police recovered a firearm from the car's center console; (4) he was the registered owner of the firearm; and (5) he did not have a permit to carry the firearm in public. Despite those admissions, Augustin repeatedly told the court that he did not know the firearm was in the car's center console.

The state argues that the district court properly denied Augustin's motion to withdraw the plea based on the letter that Augustin filed in support of his motion. But the letter was never authenticated. Thus, we cannot consider the letter in assessing the accuracy of Augustin's guilty plea. *See Rosendahl v. State*, 955 N.W.2d 294, 301 (Minn. App. 2021) (providing that documents cannot be considered in assessing whether a plea was accurate unless defendant expressly admitted that the document is true and accurate).

If the letter is set aside, the state concedes that Augustin's statements at the plea hearing were insufficient to establish that the plea was accurate. We agree with the state's concession. At the plea hearing, Augustin consistently maintained that he did not know the pistol was in the car. Augustin's admission that the probable cause statement of the complaint was true and accurate does not save the plea because the complaint was silent as to whether Augustin knew that the pistol was in the car. The district court, therefore, erred

4

by denying Augustin's motion to withdraw his guilty plea.  We reverse and remand to allow Augustin the opportunity to withdraw his plea.[1]

**Reversed and remanded.**

---

[1] Because we reverse and remand to allow Augustin to withdraw his plea, we do not reach the other issues that he raises on appeal.  We offer no opinion as to whether the letter may later be admitted as evidence in any subsequent trial against Augustin.